FILED

2014 JUL 28 P 4:54

IN THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO. 14-7412    SECTION: Section 8    DIVISION: N

LADELL THOMAS

-versus-

TIDEWATER, INC.

FILED: _____

DEPUTY CLERK

### PETITION FOR DAMAGES

The Petition for Damages of LADELL THOMAS, a person of the full age of majority, appearing herein through undersigned counsel, and complaining of the above named Defendant, respectfully alleges and shows unto this Honorable Court as follows:

I.

Petitioner, LADELL THOMAS, brings this action against the Defendants pursuant to the general maritime laws of the United States of America and 28 U.S.C. §1333 (1), the 'saving to suitors' clause.

II.

Petitioner, LADELL THOMAS, is a citizen of Louisiana and a resident of Houma, Louisiana.

III.

Made Defendant herein is Tidewater Inc., a Louisiana corporation in good standing and licensed and authorized to do business within the jurisdiction of this Court, who owns and operates offshore supply vessels, having its registered office and principal place of business in Louisiana located at 601 Poydras Street, Suite 1900, New Orleans, Louisiana 70130-6040.

-1-

EXHIBIT 1

JUL 31 2014
VERIFIED

IV.

Venue is proper in Orleans Parish under C.C.P. Art. 42(2). Defendant Tidewater is a domestic corporation whose registered office is located in Orleans Parish at 601 Poydras Street, Suite 1900, New Orleans, Louisiana 70130-6040

V.

At all times material to this lawsuit, the M/V LOVING TIDE was owned, operated and/or controlled by the Defendant, Tidewater Inc.

VI.

At all times material to this lawsuit, the M/V LOVING TIDE was located on navigable waters of the State of Louisiana.

VII.

On or about July 6, 2013, Petitioner, LADELL THOMAS, was aboard the Defendant's vessel, the M/V LOVING TIDE, performing work in the vessel's stern compartment. While performing his work in the vessel's stern compartment, Petitioner collapsed overcome by noxious fumes. Petitioner sustained personal injuries from his collapse in the stern compartment. His injuries include, but are not limited to, his lower back.

VIII.

Petitioner, LADELL THOMAS, has sustained severe and permanent injuries to his body and mind and asserts to the Court that his damages are within the jurisdictional limits of the Court, but the total amount of his compensatory damages will be determined by this Court at the trial in the following particulars:

    a) past, present, and future physical pain and suffering;

    b) past, present, and future mental anguish and emotional distress;

    c) past, present, and future medical expenses;

    d) permanent disability;

    e) disfigurement;

    f) lost wages and loss of earning capacity; and,

    g) loss of enjoyment of life.

IX.

These aforementioned damages were legally and proximately caused by the negligence of the Defendant, Tidewater, Inc., and/or the negligence of the M/V LOVING TIDE for which its owners and owners *pro hac vice* are responsible.   An illustrative listing of Defendant's fault:

a. Defendant had a duty to exercise due care under the circumstances to avoid exposing Petitioner to harm from the hazards aboard its vessel.  Defendant breached this duty by exposing Petitioner to the noxious vapors; and/or,

b. Assuming arguendo Defendant was not in active control of the area of the vessel causing Petitioner's injuries, Defendant had a duty to turnover the area of its vessel in such a condition that Petitioner could perform his work in reasonable safety as well as Defendant's duty to warn of latent or hidden dangers which were known or should have been known to Defendant.  Defendant beached its duty by failing to turnover a reasonably safe vessel for Petitioner to work on and/or by failing to warn Petitioner of the dangers presented by the vapors around the work area; and/or,

c. Assuming arguendo that Defendant contends Petitioner acted improvidently in causing his own injury, which Petitioner denies, Defendant had a duty to intervene once Defendant had knowledge of Petitioner's improvident decision / action.  Defendant breached that duty by failing to intervene to prevent Petitioner's exposure to the vapors around Petitioner's work area aboard the vessel.

X.

The general maritime law allows for an award of punitive damages under our circumstances:

a. Defendant acted wilfully and wantonly in reckless or callous disregard of, or with indifference to, the well being of Petitioner by failing to warn of the noxious fumes and vapors, or by failing to limit his access to that area of the vessel, all in disregard of the high and excessive degree of danger that was known to Defendant or should have been apparent to Defendant given its position.

b. Petitioner is entitled to punitive damages for the Defendant's gross negligence.

XI.

Petitioner requests a trial by jury.

XII.

Petitioner avers amicable demand to no avail.

WHEREFORE, Petitioner, LADELL THOMAS, prays that Defendant, Tidewater, Inc. be duly cited to appear and answer this petition; that Defendant be served with a copy of same and that after due proceedings are had, there be judgment herein in favor of Petitioner, LADELL THOMAS, and against Defendant, Tidewater, Inc., for such damages as are reasonable in the premises, including punitive damages, together with legal interest, attorneys' fees, for all costs of these proceedings, for trial by jury, and for all general and equitable relief to which the Petitioner may be entitled.

Respectfully submitted:

STRAUSS & KING, APLC

By _____
Berney L. Strauss, #12527
Rhett E. King, #23811
406 Magazine Street, Suite 300
New Orleans, Louisiana 70130
504-523-0033 (telephone)
504-523-0109 (facsimile)

PLEASE SERVE:

**Tidewater, Inc.**
through its registered agent for service of process:

S.O.P., Inc.
601 Poydras Street, Suite 1900
New Orleans, Louisiana 70130-6040

ATTORNEY'S NAME: Strauss, Berney 12527
AND ADDRESS:
New Orleans    LA 70130

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO:    2014 — 07412    1    DIVISION: " N "    SECTION: 8

THOMAS, LADELL VERSUS TIDEWATER, INC.

**CITATION**

TO: TIDEWATER, INC.
THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS: S.O.P., INC.
601 POYDRAS STREET
SUITE 1500
NEW ORLEANS    LA    70130-6040

RECEIVED 2014 AUG -1 P 2:26 ORLEANS PARISH SHERIFF'S OFFICE

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the petition
FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default

**ADDITIONAL INFORMATION**

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.

*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA    July 31, 2014    .

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____ Deputy Clerk

**SHERIFF'S RETURN**
(for use of process servers only)

PERSONAL SERVICE | DOMICILIARY SERVICE
---|---
On this 4 day of Aug 2014 served a copy of the w/i petition FOR DAMAGES | On this ___ day of ___ served a copy of the w/i petition FOR DAMAGES
On TIDEWATER, INC. | On TIDEWATER, INC.
THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS: S.O.P., INC. thru June Wilbert | THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS: S.O.P., INC.
Returned same day /a | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said _____ TIDEWATER, INC.
No. Deputy Sheriff of _____ Mileage: $ _____ | being absent from the domicile at time of said service. Returned same day No. _____ Deputy Sheriff of _____

/ ENTERED /
PAPER    9106    RETURN
SERIAL NO.    DEPUTY    PARISH

VERIF
Jade Scott
Deputy Clerk   8·6·14